IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTENSON TRANSPORTATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 04-3538-CV-S-RED |
| SAMSUNG INTERNATIONAL INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

NOW before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 33), Suggestions in Support of the Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 34), Reply to Motion to Dismiss for Lack of Personal Jurisdiction, and the Motion to Dismiss for Improper Venue (Doc. 35) and the Suggestions in Support of Motion to Dismiss for Improper Venue (Doc. 45).

Plaintiff Christenson Transportation, Inc. (Plaintiff) sued Defendants Samsung International, Inc. (SII), Samsung Mexicana S.A. De C.V. (SM), and US Logistics (USL) for the freight charges incurred in eighty-one (81) shipments made by Plaintiff. Plaintiff claims that USL is the shipping agent for SM, a company owned by SII, and that USL has the necessary contacts with the state of Missouri to confer personal jurisdiction on SII and SM.

In its Complaint, Plaintiff alleges the following:

> This Court has personal jurisdiction as 1) Samsung International, via its subsidiary Samsung Mexicana, prepared and entered into eighty-one (81) separate bill of lading contracts with Christenson, a Missouri corporation, for the eighty-one (81) shipments for which freight charges have not been paid, as well as for hundreds of shipments

> which moved prior to said eighty-one (81) shipments; 2) Samsung
> International conducts business and sells products within the State of
> Missouri on a regular basis; 3) Samsung International has been billed
> by Christenson, a Missouri corporation, and has failed to pay the freight
> charges owed for each of the eighty-one (81) shipments at issue.

A previous Order of this Court (Doc. 26) dismissed Defendant SII for lack of personal jurisdiction. The Court's rationale for the previous ruling was that Plaintiff had not proven the agency relationship between Defendant USL and SII to adequately impart USL's acts in the state of Missouri to SII for jurisdictional purposes. The Court finds that the same rationale applies to Defendant SM.

"A federal court may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Dakota Indus., Inc. v. Ever Best Ltd.,* 28 F.3d 910, 915 (8th Cir.1994) cited in *Ferrell v. West Bend Mut. Ins. Co.* 393 F.3d 786, 790 (8th Cir. 2005). The Missouri long arm statute requires either 1) the transaction of business within Missouri or 2) a contract that is the basis of the lawsuit be made within Missouri. MO. STAT. ANN. § 506.500. The Due Process Clause requires the existence of "minimum contacts" between a defendant and the forum State. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980). The requisite minimum contacts must be based upon "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). In addition, even where "minimum contacts" are established, the Due Process Clause also forbids the exercise of personal jurisdiction where it nonetheless would be inconsistent with "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Calif.,* 480 U.S.

102, 113 (1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"To survive a motion to dismiss for lack of personal jurisdiction a plaintiff need only make a prima facie showing of personal jurisdiction over the defendant." *Pecoraro v. Sky Ranch for Boys, Inc.,* 340 F.3d 558, 561 (8th Cir.2003) (citation omitted). The evidence is viewed in the light most favorable to the plaintiff and all factual conflicts are resolved in the plaintiff's favor. *Id.* "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985)).

In this case, a prima facie showing of agency is required. Missouri courts have held that "[a]gency is a fiduciary relationship which requires the existence of three elements," in the absence of a prima facie showing of these elements, the unilateral acts of the alleged agent can not confer personal jurisdiction on the principal defendant. *Capitol Indemnity Corporation v. Citizens National Bank of Fort Scott*, N.C., 8 S.W.3d 892, 902-03 (Mo. App. W.D. 2000). Plaintiff submits an Affidavit of Don Christenson in support of its position, however this affidavit offers little more than conclusions as to how the parties conducted their business with each other.

In response to Defendants Motion to Dismiss for Lack of Jurisdiction this is insufficient to establish an agency relationship between USL and SM, and likewise is insufficient to demonstrate the personal jurisdiction of this Court over SM through the acts of USL. Having found that Plaintiff has failed to establish the required agency relationship between USL and SM, the Court will not address Plaintiff's argument that the contacts by USL with the state of Missouri are sufficient to confer jurisdiction.

3

Based on the facts presented, this Court must grant the Motion to Dismiss for Lack of Jurisdiction. Accordingly, the Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 33) is hereby **GRANTED**. Defendant SM is hereby **DISMISSED WITHOUT PREJUDICE** from the case. The Motion to Dismiss Case for Improper Venue (Doc. 35) is hereby **DENIED as MOOT**.

**IT IS SO ORDERED**.

DATE: November 28, 2005     */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT